**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT A. DOVE, | : |
| Plaintiff, | : Civil Action No. 08-3218 (FSH) |
| v. | : **O P I N I O N** |
| CHARLIE JONES, et al., | : |
| Defendants. | : |

**APPEARANCES:**

Robert A. Dove, Pro Se
#313846/487697B
East Jersey State Prison
Lock Box R
Rahway, NJ 07065

**HOCHBERG**, District Judge

Plaintiff Robert A. Dove, a prisoner confined at the East Jersey State Prison in Rahway, New Jersey, brings this civil action alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983. He has submitted an application to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915(e).

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

relief.  For the following reasons, the complaint must be dismissed, without prejudice.

## BACKGROUND

Plaintiff seeks to sue the following defendants: Charlie Jones, Leney Erdos, and Rebecca Manning, parole officers; Immigration Judge Alberto J. Riefkohl; and Assistant Chief Counsel Franklin Yu.

On May 30, 2002, Plaintiff was sentenced in state court to 17 years imprisonment, later modified to 11 years, for various criminal offenses.  Plaintiff, a native and citizen of Jamaica, states that as a result of these offenses, on January 4, 2006, he was ordered removed/deported by defendant Immigration Judge Riefkohl. Plaintiff's application for relief under the Convention Against Torture was denied.

On March 31, 2008, Plaintiff appeared before a state parole board panel for a parole review hearing.  He did not see the preliminary review of his case done by the initial parole hearing officer.  Further, he states that the Department of Homeland Security ("DHS") Bureau of Immigration and Customs Enforcement ("BICE") was not given 30 days notice of the hearing.  At the panel hearing, Plaintiff was given a 36-month "hit" because of institutional charges.

Plaintiff states that defendants Jones and Erdos coerced him by asking him "derogatory" questions about his crimes and institutional infractions.  He was also asked why he did not give

2

an address for release on parole, to which he answered that he was being deported.

On April 17, 2008, Plaintiff received what he believes to be his preliminary review, conducted by defendant Manning on March 20, 2008, outside of his presence. Although he received the paper on April 17, he states that it was dated March 20.

Plaintiff argues that defendants Jones and Erdos were "deliberate and unprofessional, sadistic, and malicious." He also argues that these defendants were biased against him because they gave him a 36-month "hit." Plaintiff contends that proper procedures were not followed because the BICE was not informed of his parole hearing.

Plaintiff asks this Court to order him removed from "punitive segregation" to the custody of the BICE. He also asks for monetary relief.

## DISCUSSION

### A.   Standard for Sua Sponte Dismissal

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the

congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

<u>Phillips</u>, 515 F.3d at 234 (internal citations omitted).

**B.**    **<u>Section 1983 Actions</u>**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.     Plaintiff's Complaint Must Be Dismissed.**

First, Plaintiff asserts no claims against defendants Riefkohl and Yu.  As to defendant Riefkohl, Plaintiff states that he ordered him removed.  He does not challenge his deportation order, which he cannot do by way of § 1983, regardless, and does not assert any civil rights claims against this defendant. Moreover, Plaintiff does not assert any facts at all against defendant Yu which would indicate defendant Yu violated his constitutional rights.  Therefore, these defendants will be dismissed from this action.

There is no federal constitutional right to parole or to an error-free parole decision-making process; states, however, may create a parole entitlement protected by the Due Process Clause. See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  See also Board of Pardons v. Allen, 482 U.S. 369 (1987); Prevard v. Fauver, 47 F. Supp.2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999).

As to Plaintiff's claims regarding his parole hearing, Plaintiff does not seek to challenge a parole revocation hearing, but rather his parole review hearing.  Challenges to a parole review hearing, which would not necessarily imply the invalidity of a plaintiff's confinement, may be filed pursuant to § 1983.

See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005); Fain v. Morgan, 255 Fed. Appx. 644, 2007 WL 4183072 (3d Cir. 2007)(unpubl.).

Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections.  See Williams v. New Jersey State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); New Jersey State Parole Board v. Byrne, 93 N.J. 192, 203 (1983); see also Watson v. DiSabato, 933 F. Supp. 390, 392-93 (D.N.J. 1996) (prisoner has liberty interest in parole decisions, including notice of determination, statement by the government, and opportunity for prisoner to submit written response).  The Supreme Court of New Jersey has stated that

> Only a few basic procedures are required to deal with the risks of erroneous or arbitrary determinations in this context.  We conclude that the process required is notice of the pendency of the parole disposition, a statement by the objecting judge or prosecutor of the reasons why the punitive aspects of the sentence have not been fulfilled, and the opportunity for the prisoner to respond in writing to that statement of reasons.  No hearing, confrontation, or counsel issues are implicated here.

Byrne, 93 N.J. at 211.

Here, however, Plaintiff does not make any meritorious challenges to his parole review hearing.  The fact that Plaintiff did not approve of the questions asked of him by defendants Jones and Erdos does not render the questions unconstitutional.  The questions that Plaintiff found offensive, according to the

complaint, were: "What are you doing with a gun?", questions about institutional infractions, and a question concerning "how come I didn't give a[n] address for my Parole Plans?" (Complt., ¶¶ 14, 15). This Court finds nothing offensive about these questions, and will dismiss Plaintiff's claims for failure to state a claim upon which relief may be granted. See, e.g., N.J.A.C. § 10A:71-3.11 (stating that Parole Board Panel may consider institutional infractions, nature and pattern of previous convictions, parole plans, amongst other factors, during parole review hearing).

As to Plaintiff's assertion that the DHS was not given 30 days notice of his parole review hearing, Plaintiff's complaint also fails to state a claim. Plaintiff does not assert that he was not given notice of his parole review hearing date; rather, he asserts that the DHS was not given notice. Thus, Plaintiff does not assert a personal procedural due process claim as to his right to notice of his parole hearing. Cf. Greenholtz, 442 U.S. at 14 (holding that a system which informs inmates of the month of their parole hearing provides them with "constitutionally adequate" notice).

With regard to Plaintiff's claim that he was not present at the initial preliminary review conducted by defendant Manning,

8

this Court notes that Plaintiff's presence at the initial record review is not required.  See N.J.S.A. 30:4-123.55.[1] See also Alexander v. New Jersey State Parole Bd., 160 Fed. Appx. 249, 251 (3d Cir. 2005) (unpubl.)(finding that parole board's failure to provide plaintiff with pre-parole report prior to parole hearing did not violate due process, since plaintiff had notice and opportunity to be heard at parole hearing).  In this case, Plaintiff does not dispute that he had notice and

---

[1] According to N.J.S.A. § 30:4-123.55(a):

a. Prior to the parole eligibility date of each adult inmate, a designated hearing officer shall review the reports required by section 10 of P.L.1979, c. 441 (C.30:4-123.54), and shall determine whether there is a basis for denial of parole in the preparole report, any risk assessment prepared in accordance with the provisions of subsection e. of section 8 of P.L.1979, c. 441 (C.30:4-123.52), or the inmate's statement, or an indication, reduced to writing, that additional information providing a basis for denial of parole would be developed or produced at a hearing.  If the hearing officer determines that there is no basis in the preparole report, the risk assessment, or the inmate's statement for denial of parole and that there is no additional relevant information to be developed or produced at a hearing, he shall at least 60 days prior to the inmate's parole eligibility date recommend in writing to the assigned member of the board panel that parole release be granted.

Section 30:4-123.55(c) provides, in relevant part:

If the hearing officer or the assigned member determines that there is a basis for denial of parole, or that a hearing is otherwise necessary, the hearing officer or assigned member shall notify the appropriate board panel and the inmate in writing of his determination, and of a date for a parole consideration hearing.

  N.J.S.A. 30:4-123.55(c).  Again, Plaintiff does not assert that he did not have notice of his parole hearing date.

opportunity to be heard at the parole board panel hearing. Thus, this Court finds that the complaint fails to state a claim as submitted.

## CONCLUSION

For the reasons set forth above, all claims are subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.[2] However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted in this Opinion, the Court will

---

[2] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ... The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In this case, if Plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the court rules.

grant Plaintiff leave to reopen and file an amended complaint.[3]

An appropriate order follows.

                                           s/ Faith S. Hochberg
                                           FAITH S. HOCHBERG
                                           United States District Judge

Dated: December 17, 2008

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. See id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. See id.